UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-cv-61301-WPD

ANDREE CAMPBELL,

      Plaintiff,

vs.

HALLYU KOREAN BBQ, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant, HALLYU KOREAN BBQ, LLC, by and through the undersigned counsel, and states the following in answer to, and in defense of Plaintiff's Complaint[1][2]:

1. In response to Paragraph 1, Defendant admits that the Plaintiff has filed this action pursuant to the ADA and seeking the relief stated therein but deny any alleged unlawful disability discrimination.

---

[1] Overall, the Complaint does not contain a "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Rule 8(a), Fed.R.Civ.P. Rather, for a garden-variety boiler-plate ADA website accessibility case, the Complaint is 19 pages long and contains 69 paragraphs, most of which are irrelevant and/or not necessary to state a case of action. The Complaint is also not "simple, concise, and direct" as required by Rule 8(d), Fed.R.Civ.P. Rather than move to strike the Complaint and engage in expensive motion practice, driving up the already considerable cost of litigation, Defendant will herein deny such allegations and focus on the allegations that are relevant and material to the case at hand.

[2] Plaintiff's Complaint contains bare legal conclusions and legal arguments and not factual allegations. Rule 12(f), Fed.R.Civ.P., allows a court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. To the extent Plaintiff alleges legal conclusions or arguments, including those which Defendant does not concede are accurate or complete or applicable, Defendant denies those allegations and to the extent that they are at issue later in the case will brief the issues for the Court. But this Answer to a Complaint is not the time or place to debate or brief legal arguments or conclusions of law.

2. In response to Paragraph 2, Defendant admits that the Court has jurisdiction over this Action.

3. In response to Paragraph 3, Defendant admits that venue is proper in this Court based on the allegations made in the Complaint but deny Plaintiff has suffered any injury or damages.

4. In response to Paragraph 4, Defendant is without knowledge of the allegations contained therein and demands strict proof thereof.

5. In response to Paragraph 5, Defendant is without knowledge of the allegations contained therein and demands strict proof thereof. Defendant denies that Plaintiff has standing to maintain this action whether personally or as a tester.

6. In response to Paragraph 6, see footnote 1. Defendant therefore denies the allegations contained therein.

7. In response to Paragraph 7, see footnotes 1 and 2. Defendant is without knowledge of the allegations contained therein pertaining to Plaintiff's disability and demands strict proof thereof.

8. In response to Paragraph 8, Defendant denies the allegations contained therein that Plaintiff intended to patronize Defendant's business.

9. In response to Paragraph 9, Defendant is without knowledge of the allegations contained therein and demands strict proof thereof.

10. In response to Paragraph 10, Defendant is without knowledge of the allegations contained therein and demands strict proof thereof.

11. In response to Paragraph 11, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

12. In response to Paragraph 12, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

13. In response to Paragraph 13, Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

14. In response to Paragraph 14, Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

15. In response to Paragraph 15, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

16. In response to Paragraph 16, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

17. In response to Paragraph 17, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

18. In response to Paragraph 18, see footnote 2. Defendant denies the allegations

contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility. Defendant also denies that Plaintiff has standing to maintain this action personally and/or as a tester.

19. In response to Paragraph 19, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

20. In response to Paragraph 20, see footnote 1 and 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

21. In response to Paragraph 21, Defendant denies the allegations contained therein.

22. In response to Paragraph 22, Defendant denies the allegations contained therein.

23. In response to Paragraph 23, Defendant denies the allegations contained therein.

24. In response to Paragraph 24, Defendant denies the allegations contained therein.

25. In response to Paragraph 25, Defendant denies the allegations contained therein.

26. In response to Paragraph 27, Defendant denies the allegations contained therein.

27. In response to Paragraph 28, see footnote 2. Defendant denies the allegations contained therein and specifically denies that Defendant's website is a place of public accommodation and also denies there is a sufficient nexus between the website and a brick and mortar facility.

28. In response to Paragraph 28, see footnote 1 and 2. Defendant denies the allegations

contained therein.

29. In response to Paragraph 29, see footnote 1 and 2. Defendant denies the allegations contained therein.

30. In response to Paragraph 30, see footnote 1 and 2. Defendant denies the allegations contained therein.

31. In response to Paragraph 31, see footnote 1 and 2. Defendant denies the allegations contained therein.

32. In response to Paragraph 32, see footnote 1 and 2. Defendant denies the allegations contained therein.

33. In response to Paragraph 33, see footnote 1 and 2. Defendant denies the allegations contained therein.

34. In response to Paragraph 34, see footnote 1 and 2. Defendant denies the allegations contained therein.

35. In response to Paragraph 35, see footnote 1 and 2. Defendant denies the allegations contained therein.

36. In response to Paragraph 36, see footnote 1 and 2. Defendant denies the allegations contained therein.

37. In response to Paragraph 37, see footnote 1 and 2. Defendant denies the allegations contained therein.

38. In response to Paragraph 38, see footnote 1 and 2. Defendant denies the allegations contained therein.

39. In response to Paragraph 39, see footnote 1 and 2. Defendant denies the allegations contained therein.

40. In response to Paragraph 40, see footnote 2. Defendant denies the allegations contained therein.

41. In response to Paragraph 41, see footnote 2. Defendant denies the allegations contained therein.

42. In response to Paragraph 42, Defendant denies the allegations contained therein.

43. In response to Paragraph 43, Defendant denies the allegations contained therein.

44. In response to Paragraph 44, Defendant denies the allegations contained therein.

45. In response to Paragraph 45, Defendant denies the allegations contained therein.

46. In response to Paragraph 46, Defendant denies the allegations contained therein.

47. In response to Paragraph 47, Defendant denies the allegations contained therein.

48. In response to Paragraph 48, Defendant denies the allegations contained therein.

49. In response to Paragraph 49, Defendant re-alleges and incorporates the responses to paragraphs 1-48 above herein.

50. In response to Paragraph 50, see footnote 2. Defendant denies the allegations contained therein.

51. In response to Paragraph 51, see footnote 2. Defendant denies the allegations contained therein.

52. In response to Paragraph 52, see footnote 2. Defendant denies the allegations contained therein.

53. In response to Paragraph 53, see footnote 2. Defendant denies the allegations contained therein.

54. In response to Paragraph 54, see footnote 2. Defendant denies the allegations contained therein.

55. In response to Paragraph 55, see footnote 2. Defendant denies the allegations contained therein.

56. In response to Paragraph 56, see footnote 1 and 2. Defendant denies the allegations contained therein.

57. In response to Paragraph 57, see footnote 1 and 2. Defendant denies the allegations contained therein.

58. In response to Paragraph 58, see footnote 1 and 2. Defendant denies the allegations contained therein.

59. In response to Paragraph 59, see footnote 1 and 2. Defendant denies the allegations contained therein.

60. In response to Paragraph 60, Defendant denies the allegations contained therein.

61. In response to Paragraph 61, see footnote 2. Defendant denies the allegations contained therein.

62. In response to Paragraph 62, see footnote 2. Defendant denies the allegations contained therein.

63. In response to Paragraph 63, see footnote 2. Defendant denies the allegations contained therein.

64. In response to Paragraph 64, see footnote 2. Defendant denies the allegations contained therein.

65. In response to Paragraph 65, Defendant denies the allegations contained therein.

66. In response to Paragraph 66, see footnote 2. Defendant denies the allegations contained therein.

67. In response to Paragraph 67, Defendant denies the allegations contained therein.

68. In response to Paragraph 68, Defendant denies the allegations contained therein.

69. In response to Paragraph 69, Defendant denies the allegations contained therein.

As to the WHEREFORE clause following paragraph 69 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever pursuant to the ADA and specifically denies that Plaintiff is entitled to the relief set forth therein.

Defendant denies all allegations of the Complaint except those allegations specifically admitted herein.

WHEREFORE, having fully answered the Complaint, Defendant states the following affirmative defenses to the action:

## AFFIRMATIVE DEFENSES

As separate affirmative defenses and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant is not liable for ADA compliance on the Website, or on portions of the Website, where it has no control or authority to implement alterations or modifications.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to name all the proper parties; to wit, the third-party operators of the Website. There is not a sufficient nexus between Plaintiff, the website and the facility.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join persons responsible for the condition of the property and/or who are necessary and indispensable to the adjudication of the action; to wit the third-party operators of the Website.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff establishes liability, third parties, not presently before the Court, are liable in whole, or in part, for the claims asserted by Plaintiff; to wit the third-party operators of the Website.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to contribution or indemnification for any damages, expenses, fees or costs that may be awarded to Plaintiff; to wit the third-party operators of the Website.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not been denied public accommodations by Defendant because of Plaintiff's alleged disability.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant, Defendant's facility and/or Defendant's Website is not a place of public accommodation.

## EIGHTH AFFIRMATIVE DEFENSE

The law and regulations at issue do not provide for a private right of action by a plaintiff against a defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff does not have standing to bring this action on behalf of Plaintiff or on behalf of other unnamed persons.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as Plaintiff lacks actual injury or imminent harm and has no legitimate intent to return.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing with respect to barriers which Plaintiff has not encountered and/or which do not impair Plaintiff's access to the Facility.

TWELFTH AFFIRMATIVE DEFENSE

The Website cannot be modified without much difficulty or expense.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith at all times and with the good faith belief that it has complied with all applicable laws and has not intentionally discriminated against Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has demanded alterations and modifications to the Website which are ambiguous, unattainable, not required, not readily achievable, technically infeasible, structurally impracticable, would create an undue hardship, would fundamentally alter the way that goods and services are provided, would create a risk to the health and safety of Plaintiff and/or others, are disproportionate to altered sites, or are precluded by State, County or Municipal Law or Code.

FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is not the prevailing party in this action, Plaintiff is not entitled to recover any fees, costs or expenses from Defendant.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands and, are therefore, not entitled to the equitable remedies or relief sought.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to request reasonable accommodations from Defendant and is therefore precluded from bringing this action and/or limited in the relief that may be obtained.

Defendant expressly reserves the right to raise additional defenses as discovery or rulings

may reveal.

WHEREFORE, having fully answered the Complaint herein, and having raised affirmative defenses thereto, Defendant requests that the instant action be dismissed, and that Defendant be awarded costs, expenses and reasonable attorney's fees incurred in defense hereof.

## DEFENDANT'S CLAIM FOR ATTORNEY'S FEES

Defendant has retained the services of the undersigned counsel and is obliged to pay counsel a reasonable fee for the defense of this action. In the event that Defendant prevails on any or all of the Plaintiff's claims, Defendant is entitled to recover reasonable attorney's fees pursuant to 42 U.S.C. §2000a-3(b) and expenses and costs.

Dated this 22nd day of August, 2025.

Respectfully submitted,

By: /s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Todd W. Shulby, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Florida Bar No.: 068365
Counsel for Defendant